UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID GASKINS,** | 08-CV-969 (WJM) |
| **Plaintiff,** | |
| v. | **ORDER** |
| **SHERIFF JERRY SPEZIALE, EDWARD DOMBROSKI**, *E.O. Undersheriff*, **WARDEN CHARLES MEYERS, DEPUTY WARDEN STEVE MEYERS, UNDERSHERIFF JERRY GAMBLE, and UNDERSHERIFF MILTON SMILEK,** | |
| **Defendants.** | |

**THIS MATTER** comes before the Court on Plaintiff's application for pro bono counsel. This motion is unopposed. There was no oral argument. Fed. R. Civ. P. 78.

Plaintiff David Gaskins, appearing *pro se*, filed a § 1983 complaint against the Passaic County Sheriff and five corrections officials, alleging unsanitary confinement conditions at the Passaic County Jail. Plaintiff's petition to proceed *in forma pauperis* was granted by this Court on May 5, 2008. Over a year later, Plaintiff filed the instant motion requesting the appointment of pro bono counsel. *See* Docket No. 18.[1] Defendants have not filed opposition papers.

An indigent civil litigant has neither a statutory nor a constitutional right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). With respect to lawsuits filed by prisoners, the appointment of counsel is within the Court's discretion. 28 U.S.C. § 1915(e)(1); *Tabron v. Grace*, 6 F.3d 147, 155 n.4 (3d Cir. 1993).

---

[1] The Court also received letters from Plaintiff, which discussed the court's jurisdiction, supplemented the factual allegations of the complaint, and requested a stay based on Plaintiff's lack of understanding regarding civil procedure. *See* Docket Nos. 19, 21, 22.

In considering whether to appoint counsel, the Third Circuit requires that the district court first evaluate, as a threshold matter, the merits of plaintiff's claim. *Id.* at 155. Only if Plaintiff's claim has "arguable merit in fact and law" should the court then delve into the fact-specific consideration of whether Plaintiff is capable of trying his or her case. *Id.* at 155-56.

There is no need to proceed to that second step here. By his own admission, Plaintiff has sought neither formal nor informal relief from the appropriate administrative officials at the Passaic County Jail. Compl. at 5. Since a prisoner litigant is required to exhaust administrative remedies before filing a § 1983 complaint, this claim has no arguable merit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Therefore, Plaintiff's application for pro bono counsel is denied.

For the same reason, the Court notes *sua sponte* that Plaintiff's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff did not exhaust his administrative remedies prior to bringing suit regarding prison conditions. As such, no claim can lie at this time. *See* 42 U.S.C. § 1997e(a). For the foregoing reasons, and for good cause appearing;

**IT IS** on this 21st day of October 2009, hereby

**ORDERED** that Plaintiff's application for pro bono counsel is **DENIED**; it is

**FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**